IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| NANCY FUCHS,<br>    Plaintiff | :<br>:<br>: |
| v. | :  1:04-CV-136 (WLS) |
| WAL-MART STORES, INC.,<br>    Defendant | :<br>:<br>:<br>: |

## ORDER

Presently pending before the Court are Defendant's Motion for Summary Judgment (Doc. 12), and Defendant's Motion for a Hearing on Defendant's Motion for Summary Judgment (Doc. 15).

For the following reasons, Defendant's Motion for Summary Judgment (Doc. 12) is **DENIED**, and Defendant's Motion for a Hearing on Defendant's Motion for Summary Judgment (Doc. 15) is **DENIED AS MOOT**.[1]

## PROCEDURAL SUMMARY

The instant case originated in the Superior Court of the State of Georgia, Lee County on August 12, 2004. (Doc. 1, Exhibit A). Defendant filed a Notice of Removal of said action to this Court on September 15, 2004, within thirty (30) days of the receipt of the Summons and Complaint. (Doc. 1). *See* 28 U.S.C. § 1446. While Plaintiff elected pursuant to 28 U.S.C. § 636(c)(1), (2) to waive her right to trial before a United States District Judge and proceed with the instant case before a United States Magistrate Judge, Defendant did not similarly elect to proceed before the Magistrate. (Docs. 3, 4). The instant action is therefore before this Court.

Plaintiff, is now, was at the commencement of the suit, and at all times since has been a

---

[1]  The Court notes Defendant filed a Motion for a Hearing on the instant Motion for Summary Judgment. While the Court is appreciative of the parties' desire for oral argument, if the Court finds the briefing to be adequate, as in this case, it will not impose upon the parties the additional burden of oral argument.

1

citizen and resident of the State of Georgia. (Doc. 1). Defendant is now and was at the commencement of the suit a corporation organized and existing under the laws of the State of Delaware. *Id*. Upon information and belief, including representations of Plaintiff's counsel, Defendant contends that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *Id*. The Court, therefore, exercises jurisdiction over the instant action pursuant to 28 U.S.C. § 1332. This Court is also the proper venue for the instant action pursuant to 28 U.S.C. §§ 90(b)(5), 1391 as a substantial part of the events giving rise to the instant claim occurred within this district and division. (*See* Doc. 1, Exhibit A).

## DISCUSSION

Plaintiff brings the above captioned action under Georgia negligence law claiming that on or about March 6, 2004, Nancy Bell, an employee of Defendant, acting within the scope of said employment carelessly carried out her duties as a checkout clerk. Specifically, Plaintiff alleges that Ms. Bell carelessly bagged a 24-pack of colas, causing them to fall out of the box, upon which time one or more soda cans burst, spilling cola on the floor in the vicinity where Plaintiff was standing. This in turn, according to Plaintiff's complaint, caused Plaintiff to slip on the spilled cola, causing her to fall which resulted in injuries to toes on her left foot, her left foot, her left leg and left knee. (Doc. 1).

In the instant motion, Defendant argues that there is no evidence to support Plaintiff's claim that Defendant or Ms. Bell, its employee, acted negligently. (Doc. 13). As a matter of law, Defendant contends, it is entitled to summary judgment. Having conducted an independent review of the record, the Court must now view the evidence presented in the light most favorable to Plaintiff in order to properly adjudicate whether Defendant in fact is entitled to judgment as a matter of law. It hereby does so.

**I.      Summary Judgment Standard**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue is "genuine" if the quantum and quality of proof necessary to support liability under the claim is raised. Allen v. Tyson Foods, 121 F.3d 642, 646 (11th Cir. 1997). A fact is "material" if it hinges on the substantive law at issue and it might affect the outcome of the nonmoving party's claim. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); *see also* Allen, 121 F.3d at 646. A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential element of the claim. Cleveland v. Policy Management Sys. Corp., 526 U.S. 795, 804 (1999); Celotex Corp., 477 U.S. at 323.

The movant bears the initial burden of showing that there is no genuine issue of material fact. Celotex Corp, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing, or by pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. Celotex Corp., 477 U.S. at 322-23; Allen, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

**II.     Factual Summary**

On or about March 6, 2004, Plaintiff and her husband were shopping in Wal-Mart Store #588 located in Lee County, Georgia to purchase a 24-pack of Sam's Colas.  Plaintiff and her husband entered the store and obtained a grocery cart after which they went to the soda section.  Plaintiff's husband selected a 24-pack of colas, took it off of the shelf and placed it in the grocery cart.  Plaintiff has previously purchased 24-packs of colas from Defendant prior to this occassion.  At each of those times (and on this occassion), the 24-pack of cola was contained in a cardboard box wrapped in plastic.  Plaintiff went to the cash registers to check out, at some point arriving at register 14.

    **A.     Defendant's Version of the Subsequent Facts**

On the day in question,  Nancy Bell, a Wal-Mart cashier since August 2002, was the cashier at register 14.  Plaintiff placed the colas on the belt.   Ms. Bell scanned the package and placed it on top of the bagging carousel.     When Ms. Bell did this, two cans fell out of the package onto the floor, upon which one or both soda cans burst and began to spew cola.  People were yelling "get out of the way" to Plaintiff, at which point Plaintiff backed up, slipped on liquid which came out of a fallen can, and fell to the floor.   Prior to this, Ms. Bell noticed that the plastic wrapping was "kind of stretched when [she] lifted it."  (Docs. 13, 14).

Several employees rushed to the scene to check up on Plaintiff.  Meanwhile, Plaintiff's husband went to retrieve another 24-pack of colas.  Ms. Bell did not see Plaintiff's husband until after the accident when he presumably returned from retrieving the colas.  Plaintiff told Ms. Bell, "[s]weetie, it wasn't your fault...because [the soda cans] had fallen out earlier."  Plaintiff declined medical attention and completed an incident report.  Plaintiff then walked out of the store with her husband.

Ms. Bell checks out approximately 50 customers per day, 250 per week, and 13,000 per year as a cashier.  Prior to the date of the accident in question, Ms. Bell had observed one incident of colas falling out of this type of packaging.  This incident, according to Ms. Bell,

4

involved a customer putting the product in a shopping cart. Neither Plaintiff nor her husband, according to Ms. Bell, saw her attempt to bag the 24-pack or otherwise mishandle the product. Ms. Bell states that she did not attempt to bag the 24-pack because it is too big to fit in a bag. *Id.*

### B.   Plaintiff's Version of the Subsequent Facts

Upon arriving at register 14, Plaintiff's husband placed the 24-pack of Sam's Colas on the conveyer belt. Ms. Bell scanned the package and placed it on top of the bagging carousel. When Ms. Bell did this, two cans fell out of the package onto the floor, upon which one or both soda cans burst and began to spew cola. People were yelling "get out of the way" to Plaintiff, at which point Plaintiff backed up, slipped on liquid which came out of a fallen can, and fell to the floor. Prior to this, Ms. Bell noticed that the plastic wrapping was stretched when she lifted it. (Doc. 33).

Multiple employees did not report to Plaintiff's aid. Instead, her husband and one other person assisted her to the bench. Plaintiff does not know whether this person was an employee of Defendant. Plaintiff's husband then went to retrieve another 24-pack of colas. Plaintiff's husband was with her at all times up to and including the time of the accident. Plaintiff did not speak with Ms. Bell either before or after the incident in question. Plaintiff declined medical treatment and signed the incident report only after her husband completed it. Plaintiff, then hobbled out of the store on her husband's arm.

Plaintiff admits Ms. Bell testified that she checks out approximately 50 customers per day, 250 per week, and 13,000 per year as a cashier; and that prior to the date of the accident in question, Ms. Bell had observed one incident of colas falling out of this type of packaging. Plaintiff, however, maintains that there is outstanding discovery regarding these matters which to date Defendant has not produced. Plaintiff did not witness Ms. Bell attempt to bag the 24-pack or otherwise mishandle the product, however, her husband did.

### III.   Analysis

The Georgia Supreme Court in Robinson v. Kroger Co., 268 Ga. 735, 739 (1997),

5

established the standard trial courts must use when deciding motions for summary judgment in slip and fall cases such as this one:

> [A]s a general proposition[,] issues of negligence, contributory negligence and lack of ordinary care for one's own safety are not susceptible of summary adjudication . . . but should be resolved by trial in the ordinary manner. The trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and undisputable. Id. (internal citations omitted).

> Where reasonable minds can differ as to the conclusion to be reached with regard to questions of whether an owner/occupier breached the duty of care to invitees and whether an invitee exercised reasonable care for personal safety, summary adjudication is not appropriate. Id. at 740 (*citing* Pound v. Augusta National, 158 Ga. App. 166 (279 S.E.2d 342) (1981)).

In the instant case, Plaintiff and Defendant present materially different versions of the events surrounding the incident at issue, which in turn suggest different conclusions as to questions of negligence presently before the Court. Defendant presents evidence that suggests that Ms. Bell exercised ordinary care in the performance of her duties, namely in handling the 24-pack of colas. Under Defendant's version of the facts, Plaintiff's injury was not foreseeable. In turn, Plaintiff presents evidence that suggests that Defendant failed to exercise ordinary care in handling the 24-pack and that said failure on Defendant's part caused the cola spill which in turn caused Plaintiff to slip, fall, and injure herself. Additionally, Defendant presents evidence which, if proven true, contradicts Plaintiff's suggestion that the incident in question was caused by an agency or instrumentality completely within Defendant's control so as to subject Defendant to the doctrine of res ipsa loquitur. There being contradicting evidence as to issues of negligence, under the Robinson standard, this Court cannot conclude that no material issue of fact remains as to whether Defendant was negligent. The Court, therefore **DENIES** Defendant's Motion for Summary Judgment. (Doc. 12).

**IV.    Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. 12) is **DENIED**; and Defendant's Motion for a Hearing on Defendant's Motion for Summary Judgment (Doc. 15) is **DENIED AS MOOT**.

**SO ORDERED**, this   22nd   day of December, 2005.

                                                  /s/W. Louis Sands
                                                  **W. LOUIS SANDS, CHIEF JUDGE**
                                                  **UNITED STATES DISTRICT COURT**